TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Janice McDaniel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Janice McDaniel, | Case No.: 2:14-at-1576 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT ACT, 15 U.S.C. § 1692, *ET SE.Q*;** |
| Paramount Equity Mortgage, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Janice McDaniel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Janice McDaniel (hereafter "Plaintiff"), is an adult individual residing in Salem, Oregon, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, Paramount Equity Mortgage, Inc. (hereafter "Paramount"), is a company with an address of 8781 Sierra College Boulevard, Roseville, California 95661, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individuals employed by Paramount and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Paramount at all times acted by and through one or more of the Agents.

2

## FACTS

7. In or around June of 2014, Paramount began calling Plaintiff's cellular telephone, 503-856-XXXX, from 503-272-6809 in an attempt to solicit its services to Plaintiff.

8. Plaintiff has no business relationship with Paramount and never requested by an agreement or otherwise that she be contacted.

9. Plaintiff never provided her cellular telephone to Paramount and never provided her consent to be called on her cellular telephone.

10. At all times mentioned herein, Paramount called Plaintiff by using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

11. On some occasions, when Plaintiff answered the calls from Paramount, she was met with a period of silence before being connected to a live agent.

12. During other occasions, when Plaintiff answered the calls from Paramount, she heard voices in the background before the call was disconnected.

13. In or around early July of 2014, Plaintiff spoke to Paramount and requested that Paramount cease all calls to her cellular telephone, as she was not interested in its services.

14. Paramount assured Plaintiff that all calls would stop.

15. Despite Plaintiff's unequivocal request, and despite Paramount's assurances, Paramount continued to call Plaintiff with ATDS calls at an excessive and harassing rate.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227,** *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without Plaintiff's prior express consent, Paramount called Plaintiff on her cellular telephones using an ATDS or Predictive Dialer.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Paramount's telephone systems have the earmarks of a Predictive Dialer.

20. Often times when Plaintiff answered calls from Paramount, she was met with a period of silence before Paramount's telephone system would connect her to the next available representative.

4

21. Other times when Plaintiff answered Paramount's calls, she heard live agents speaking in the background before the call would drop.

22. Upon information and belief, Paramount's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Paramount contacted Plaintiff by means of ATDS calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. The telephone number called by Paramount was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Paramount to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 12, 2014              TRINETTE G. KENT

                                       By:   */s/   Trinette G. Kent*
                                       Trinette G. Kent, Esq.
                                       Lemberg Law, LLC
                                       Attorney for Plaintiff, Janice McDaniel

6